IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GREGORY M. LAMB,

    Plaintiff,

v.                                            CIVIL ACTION NO.: CV509-011

DR. THOMAS FERRELL; JAMES
DONALD, Former Commissioner;
SHIRLYN THOMAS, Deputy Warden;
ALAN ADAMS, State Director of
Inmate Health Services; and BRIAN
OWENS, Commissioner,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs in part and rejects in part the Magistrate Judge's Report and Recommendation, to which Plaintiff and Defendants filed Objections. Plaintiff's Objections reveal, just as the other pleadings and supportive evidence do, that he is not satisfied with the kind and quality of care and treatment he was provided at Ware State Prison. Plaintiff's claims and evidence in support thereof "rest on a difference of opinion regarding the care that he [felt he] needed and received," and do not establish that Defendant Ferrell was deliberately indifferent to Plaintiff's serious medical needs. West v. Higgins, 346 F. App'x 423, 427 (11th Cir. 2009). Plaintiff's Objections regarding his deliberate indifference claims are **overruled.**

Defendants assert that, in light of the vague nature of Plaintiff's claim that unnamed staff denied him a grievance form, the evidence they set forth in support of their position, and Plaintiff's history of filing grievances, the Court should find that Plaintiff failed to exhaust his available administrative remedies on his retaliation claim. "Where exhaustion-like jurisdiction, venue, and service of process-is treated as a matter in abatement and not an adjudication on the merits[,] it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). A court undertakes a two-part inquiry in these matters. "First, the court looks to the factual allegations in the defendant's motion . . . and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). Then, if "the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Id. (internal citations omitted). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

The Magistrate Judge correctly noted the evidence the parties presented creates a conflict, and, accordingly, the Court must accept Plaintiff's version of facts as true.

AO 72A
(Rev. 8/82)

Given this, Defendants' Motion should not be granted at the first step as to Plaintiff's retaliatory transfer claim based on his failure to exhaust administrative remedies. However, the second step in the Court's inquiry reveals that Defendants have met their burden of proving[1] that Plaintiff failed to exhaust his administrative remedies relating to his retaliatory transfer claim against Defendant Thomas.

In support of their position that Plaintiff did not exhaust his administrative remedies concerning his retaliatory transfer claim, Defendants submitted additional Affidavits with their Objections. These Affidavits reveal that Terri McRae ("McRae") and Tongie Troupe ("Troupe"), correctional sergeants at Wheeler Correctional Facility, do not specifically recall Plaintiff asking either of them for a grievance form or telling either of them that he wanted to file a grievance regarding his transfer from Ware State Prison. McRae and Troupe state that, had Plaintiff asked for a grievance form regarding his transfer, they would have provided one to Plaintiff. McRae and Troupe did not tell Plaintiff (or any inmate) that he could not file a grievance regarding a retaliatory transfer. In addition, Terri Johnson ("Johnson"), who is a counselor at Wheeler Correctional Facility, does not recall having a conversation with Plaintiff about getting a grievance form or about filing a grievance after the ten (10) day time limit expired; however, had Plaintiff asked her or another counselor to provide him with a grievance form, Plaintiff would have been given one, regardless of whether his grievance dealt with a transfer issue or was out of time. Johnson did not tell Plaintiff he could not file a grievance regarding a transfer or that filing a grievance would be futile because the time limit passed.

---

[1] In making this determination, the undersigned considered the evidence the Magistrate Judge originally considered, in addition to the evidence the parties submitted in support of their Objections.

AO 72A
(Rev. 8/82)

Plaintiff, in contrast, presents no evidence for the Court's consideration beyond what the Magistrate Judge reviewed in making his recommendation, despite Plaintiff's opportunity to do so based on the Magistrate Judge's Order dated September 8, 2010. Instead, Plaintiff baldly states that, upon his transfer to Wheeler Correctional Facility, he was "afraid to 'rock the boat'" or to have a "bad start" at a new prison, (Doc. No. 83, p. 11), and he believed what he was told about not being able to file a grievance, partly because he knew that transfers and housing assignments could not be grieved.

The Court finds the greater weight of evidence supports Defendants' contentions that Plaintiff had the opportunity to file a grievance upon his arrival at Wheeler Correctional to contest the alleged retaliatory transfer, yet he failed to do so. While it is true that an inmate cannot file a grievance concerning transfers between prisons, an inmate *can* file a grievance to allege retaliatory action, regardless of the form the retaliation takes. (Report & Recommendation, p. 5) (quoting Standard Operating Procedure ("SOP") IIB05-0001, p. 4, ¶¶ 4(c) and (g)). Moreover, Plaintiff could file a grievance concerning his transfer from Ware State Prison while he was housed at Wheeler Correctional Facility. (Id.) (citing SOP IIB05-0001, p. 12, ¶ F(5)). Plaintiff failed to exhaust his administrative remedies pertaining to his contention that Defendant Thomas retaliated against him by having Plaintiff transferred to another institution, despite Plaintiff's opportunity to do so.

Defendants' Objections to the Magistrate Judge's Report and Recommendation are **sustained** in part.[2] Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's deliberate indifference claims are **DISMISSED** with prejudice, and his

---

[2] The favorable disposition on Defendants' assertion that Plaintiff failed to exhaust his administrative remedies would render the consideration of Defendants' remaining Objections unnecessary.

AO 72A
(Rev. 8/82)

retaliatory transfer claim is **DISMISSED** without prejudice. Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 27 day of September, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)